**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

GERALD D. YOUNG,

Petitioner,

v. Case No. 3:26-cv-735-WWB-MCR

WARDEN, HAMILTON CORRECTIONAL INSTITUTION,

Respondent.

---

**ORDER**

Petitioner Gerald D. Young, an inmate of the Florida penal system, initiated this action by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). In 1992, Petitioner was convicted of one count of armed robbery and two counts of attempted first-degree murder. (Doc. 1-1 at 33, 72–78). For these convictions, he received three consecutive sentences of life imprisonment. (*Id.*). The Petition is not a model of clarity, but Petitioner appears to allege that the State of Florida violated his right to due process by refusing to consider him for release under the "control release program." (Doc. 1 at 9, 12–20). Upon review, the Court finds that the Petition must be dismissed as meritless. *See* Rule 4, Rules Governing § 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").[1]

---

[1] Under Rule 1(b), the Rules Governing Section 2254 Cases in the United States District Courts are also applicable to § 2241 cases.

The control release program took effect in September 1990. *Thomas v. Singletary*, 729 So. 2d 369, 370 (Fla. 1998). Designed to alleviate "prison overcrowding" in Florida, the program "provided that certain inmates would be eligible for early supervised release if and when the prison population reached 97.5% of 'lawful capacity.'" *Id.* The legislation made clear that "[n]o inmate has a right to control release. Control release is an administrative function solely used to manage the state prison population within total capacity." Fla. Stat. § 947.146(2) (eff. through Sept. 30, 2001). Moreover, the legislation expressly excluded certain classes of inmates from the program. For example, inmates were "ineligible for control release" if they were "convicted, or ha[d] been previously convicted, of committing or attempting to commit murder in the first, second, or third degree." *Id.* § 947.146(3)(i). "Finally, in 1996, the legislature ultimately voided all existing control release dates and provided that no inmate shall be eligible for release under any previously established control release date." *Thomas*, 729 So. 2d at 370.

In 1992, Petitioner was convicted of two counts of attempted first-degree murder. (Doc. 1-1 at 33, 72–78). Thus, he was never eligible for control release. *See Hock v. Singletary*, 41 F.3d 1470, 1472 (11th Cir. 1995) (noting that petitioner, an inmate convicted of second-degree murder, was "ineligible for the control release program due to the nature of his offense"). Because Petitioner was ineligible for the program, his due process rights were not violated when the State of Florida declined to consider him for control release. Moreover, even if Petitioner had been eligible, the Eleventh Circuit has held that the control release statute did not create "a protectible right under the Due Process Clause." *Id.* at 1473. The court explained that the control release program was "administrative, designed solely to relieve prison overcrowding." *Id.* A prisoner "had no

reasonable expectation that the prison population would ever reach a level that would trigger the use of these early release mechanisms; he had no reasonable expectation of release on any given date." *Id.* As a result, "no liberty interest vest[ed]" under the statute. *Id.* Petitioner's due process claim fails for this reason as well. *See Cook v. Wiley*, 208 F.3d 1314, 1322 (11th Cir. 2000) ("A prisoner has no constitutional or inherent right in being released before the completion of a valid sentence." (internal quotation marks omitted)).[2]

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) and this case are **DISMISSED with prejudice**.
2. The Clerk shall enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.
3. If Petitioner appeals the dismissal of his Petition, the Court denies a certificate of appealability.[3] Because the Court has determined that a

[2] Petitioner previously raised a similar due process claim in a § 2241 petition. *Young v. Sec'y, Fla. Dep't of Corr.*, No. 3:25-cv-781, 2025 WL 3442701, at *1 (M.D. Fla. Dec. 1, 2025). The court dismissed the earlier petition without prejudice, finding (among other things) that Petitioner had no due process right to control release. *Id.* Because the earlier petition was dismissed without prejudice, the present Petition is not subject to the restrictions on second-or-successive habeas actions. *See Dunn v. Singletary*, 168 F.3d 440, 441 (11th Cir. 1999) ("When an earlier habeas corpus petition was dismissed without prejudice, a later petition is not 'second or successive' for purposes of [28 U.S.C.] § 2244(b).").

[3] The Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner cannot make the required showing.

certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Jacksonville, Florida, on July 28, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

TpaP-2

c:
Gerald D. Young